J. GONZÁLEZ & Co., S. en C., Plaintiff and Appellee, v. JOSÉ ISABEL APONTE, Defendant and Appellant, and ISIDRO FALCÓN CUADRADO, Intervenor and Appellant.

No. 7889. Argued January 9, 1939.—Decided February 25, 1939.

*Luis Mendín,* for appellants.  *R. Arroyo Ríos,* for appellee.

Mr. Justice De Jesús delivered the opinion of the Court.

J. González & Co. S. en C. filed a suit in unlawful detainer at sufferance (*precário*) against José Isabel Aponte. On the day set for the first hearing the plaintiff and the defendant Aponte were present. The latter alleged that he was in possession of the property in question by virtue of a contract of lease entered into with the owner of the property Isidro Falcón Cuadrado. Falcón Cuadrado requested permission from the Court to intervene and he was granted said permission. He filed a bill of intervention in which he alleged that he was the owner of the farm to which the unlawful detainer action referred. On the date set for the second hearing, the intervenor and the plaintiff by stipulation submitted the case on the documentary evidence which they had offered during the first hearing. The court approved the stipulation and the suit was thereby submitted on briefs.

On August 19th last, judgment was rendered on the merits. The court ignored the intervenor and without mentioning or passing upon his contentions, found for the plaintiff and decreed the ejectment of defendant, ordering him to leave

the farm within twenty days from the date of the judgment. The court also awarded costs to the plaintiff and included the sum of $50 as attorney's fees.

Although no holding was made against the intervenor Isidro Falcón Cuadrado, the clerk notified the judgment to defendant José Isabel Aponte as well as to the intervenor Isidro Falcón Cuadrado, the latter through his attorney Luis Mendín Sabat.

The intervenor and the defendant appealed from the judgment with one notice of appeal only and on the same date the intervenor requested the Court to fix the amount of the bond which he was required to give to perfect his appeal. The intervenor gave a bond which reads as follows:

"WHEREAS: In the present case judgment was rendered decreeing the ejectment of the defendant from a farm described in said judgment and giving him twenty days to abandon it, awarding costs to plaintiff and $50 as a reasonable sum for the fees of plaintiff's attorney.

"WHEREAS: The intervenor Isidro Falcón Cuadrado has filed an appeal to the Supreme Court of Puerto Rico against said judgment, and for the purpose of said appeal the Court has set a bond in the sum of $600.00, to answer for the damages which may be caused to plaintiff in case the appeal fails.

"THEREFORE: We, Isidro Falcón Cuadrado, as principal, and Zenón Montañez and José Colón Bermúdez, as sureties, of their own will bind ourselves jointly and severally to answer in the sum of $600.00 or any part thereof which may be necessary to cover the damages that may be caused to the plaintiff José González & Co. S. en C. in the event that said judgment is afirmed."

Defendant filed no bond.

On November 5th last, attorney Mendín Sabat, who until then had represented the intervenor only, filed the brief on appeal before this Court for both appellants, the defendant and the intervenor.

On the 22nd of the same month the appellee filed a motion moving that the appeal of both appellants be dismissed for the following reasons:

(*a*) Because the notice of appeal of both appellants was not filed in time.

(*b*) Because the appeal bond was given by the intervenor, against whom no holding had been made in the judgment, and without the previous fixing of the amount of the bond by the Court.

(*c*) Because defendant José Isabel Aponte, against whom the judgment was rendered, had not given any bond for his appeal.

(*a*) From the record it appears that the judgment, although rendered on August 19, 1938, was notified to the parties on the 23rd of the same month, and as the 28th of August was a holiday, the term to file the notice of appeal was up on the 29th of the said month, that is, five days after the judgment was notified. In the record appears a certificate issued by the Clerk of the District Court of Humacao on December 16th last in which he avers that the notice of appeal in this case was filed on August 29, 1938, and notified on the same date to plaintiff's attorney. Therefore, the first reason alleged by appellee as a basis for his motion to dismiss does not exist.

(*b*) In the transcript of the record no order of the Court setting the amount of the bond appears. Attached to his motion to dismiss appellee presented a certificate of the Clerk of the District Court of Humacao issued on August 30th of last year, which in its relevant part reads as follows:

"I CERTIFY: That from the record of this case it does not appear that the Court, up to this date, has set a bond for the appeal filed by the defendant and the intervenor against the judgment rendered on August 19, 1938."

Nevertheless, on December 16, 1938, the same Clerk, among other things, certified as follows:

"I CERTIFY also that in the record of this case a notice of appeal of appellants appears requesting the Court to set a bond, the pertinent part of which states as follows: 'That having been

notified of the judgment rendered by this Court and intending to appeal to the Supreme Court of Puerto Rico, the intervenor wishes Your Honor to set the amount of the bond for said appeal, taking into consideration the value of the property in this case which was sold for $100.' Said notice appears filed in the Clerk's office of which I am in charge, on August 29, 1938, and said motion has an order at its foot which states: 'As prayed for, a bond is set at $600 to comply with the law. (Sgd.) R. Arjona. 8/29/38.'

"I ALSO CERTIFY that the bond presented appears filed and approved on August 29, 1938.'

We really do not understand the contradictions incurred by the Clerk of the District Court of Humacao in his certificates. Nevertheless, we must rely on the latest, and accepting it as true, we must hold that the amount of the bond was set by the Court, and that it was duly filed and approved by the Court. This later certificate of the Clerk is in conflict with the record, insofar as it states that in the record a notice of appeal appears wherein appellants pray the Court to set a bond. What appears from the record to that effect is a motion of the intervenor alone, wherein, stating that he intends to appeal to this Court, he requests the Court to set the amount of the bond to perfect his appeal.

The second reason to dismiss does not exist.

(c) The appellee is not correct as regards the third reason for dismissal. As we have stated before, the judgment was rendered against the defendant only, no holding whatever being made in regard to the intervenor; but notwithstanding this the intervenor's interest in the judgment rendered is unquestionable, to such an extent that it may be said that he is the real party prejudiced thereby. This being so, and as he duly gave the bond required by Section 12 of the unlawful detainer act, the motion to dismiss the appeal should be denied insofar as it refers to the intervenor.

As the rights of the intervenor and the defendant are so closely related, the motion to dismiss the appeal in regard to defendant should at present be denied.